UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case No. 2:10-cr-0376-SLB |
| ) | |
| BARRETT GENE DEWITT and ) | |
| DAVID WAYNE DORAN, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on defendant Dewitt's Motion for Relief from Prejudicial Joinder, (Doc. 11),[1] and Amendment to Motion for Relief from Prejudicial Joinder, (Doc. 19). Upon consideration of the Motion and Amendment to Motion, the Government's Opposition to Severance, (Doc. 13), and the applicable case law, the court finds that the Motion of defendant Dewitt to sever his trial from that of co-defendant Doran is due to be denied.

Rule 8(b), Fed.R.Crim.P. states that two or more defendants may be charged in one indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Defendant Dewitt requests relief pursuant to Rule 14(a), which provides that the court may order separate trials of defendants if joinder appears to prejudice a defendant or the government. When multiple defendants are charged in the same indictment, the federal system prefers joint trials of the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

defendants in order to "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). The Eleventh Circuit has held that "a District Court confronted with a Rule 14 Motion for Severance is required to balance any . . . prejudice [to the defendants] against the interests of judicial economy, a consideration involving substantial discretion." *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004) (quoting *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979)). Even if prejudice is shown, Rule 14 does not require severance; "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's discretion." *Zafiro*, 506 U.S. at 539.

In evaluating a motion for severance, a court must first determine if the defendant will suffer prejudice by a joint trial, and then determine whether severance is the proper remedy for that prejudice. *Blankenship*, 382 F.3d at 1122 (citing *Zafiro*, 506 U.S. at 538). Severance will be granted "only if a defendant can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Eyster*, 948 F.2d 1196, 1213-14 (11th Cir. 1991) (quoting *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983)). Compelling prejudice exists where a defendant can demonstrate that without severance, he would not receive a fair trial, and that the trial court can afford no protection from the prejudice. *United States v. Knowles*, 66 F.3d 1146, 1159 (11th Cir. 1995). It is insufficient for a defendant merely to claim that acquittal would be more likely if severance

is granted, "since some degree of bias is inherent in any joint trial." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005).

The Supreme Court has held that, when defendants have been properly joined under Rule 8(b), a district court should grant severance in only two situations: first, "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants," and second, if joinder would "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Aside from these two situations, "most other defendants prejudiced by a joint trial are entitled only to curative instructions." *Blankenship*, 382 F.3d at 1123.

As analyzed by the Eleventh Circuit in *Blankenship*, the first situation from *Zafiro* mandating severance applies when the joint trial will result in the denial of a constitutional right. *Id.* The *Blankenship* court explained that the second situation, regarding the threat to the jury's "reliable judgment," applies in primarily three instances. First, severance is required where compelling evidence that is not admissible against one defendant is to be admitted against a co-defendant. *Id.* Second, the reliable judgment exception applies "in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." *Id.* at 1124. Third, the reliable judgment exception applies where one defendant is charged with a crime that is "significantly

different" from the crimes of the other defendants. *Id.* at 1125. Because Dewitt and his co-defendant Doran are both charged with the same crime, neither the second or third application of the reliable judgment exception applies here.

Dewitt does not allege that a joint trial will deny him a constitutional right, but does argue that he will be prejudiced by the admission of evidence against his co-defendant, which would not be admissible as to him. (Doc. 19 at 1.) He claims that photographs of the suspect "*may* be admitted against the co-defendant" but that the photographs "should not be admitted" against him. (*Id.*) Dewitt has provided no analysis in support of this argument and has not explained why the evidence would not be admissible against him. Even assuming that certain evidence in the case is only admissible against his co-defendant, and not against Dewitt, the Eleventh Circuit has stated that "the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." *Blankenship*, 382 F.3d at 1123; *see also United States v. Smith*, 918 F.2d 1551, 1559 (11th Cir. 1990) (quoting *United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987)) (noting that "the test for assessing compelling prejudice is whether it is within the capacity of jurors to follow a court's limiting instructions" and that "if possible, severance should not be granted"). Where evidence is admissible against only one defendant, severance must be granted "only where that evidence is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." *Blankenship*, 382 F.3d at 1124. For

4

example, courts have held that admitting evidence "of a gruesome, powerful, or essentially dispositive type that intrinsically calls into question a jury's ability or willingness to follow limiting instructions" warrants severance. *Id.* at 1124 n.25. Dewitt has failed to point to such evidence in this case or otherwise explain why limiting instructions would be insufficient protection from the admission of evidence against his co-defendant.

Dewitt next argues that "mutually antagonistic defenses available to the co-defendants" regarding "deadly weapons"[2] warrants severance because the "defendants may incriminate the other and exculpate himself." (Doc. 19 at 2.) Dewitt does not elaborate on the facts that would support this argument. As dictated by the Supreme Court in *Zafiro* and adopted by the Eleventh Circuit in *United States v. Strollar*, "[m]utually antagonistic defenses are not prejudicial *per se*," and the appropriate inquiry should be whether the defendant falls within either of the *Zafiro* scenarios previously discussed that warrant severance. *See Zafiro*, 506 U.S. at 538; *Strollar*, 10 F.3d 1574, 1578 (11th Cir. 1994). In his Amendment to Motion for Relief from Prejudicial Joinder, Dewitt cites to pre-*Zafiro* cases which held that defendants' mutually antagonistic defenses compelled severance. (Doc. 19 at 2.) However, the Eleventh Circuit has recognized a conflict between its pre-*Zafiro* policy on antagonistic defenses and the current state of Eleventh Circuit law, which expressly adopts *Zafiro*'s holding that the "mere existence of mutually antagonistic defenses is not inherently prejudicial." *Blankenship*, 382 F.3d at 1125. In *Blankenship*, the court affirmed

---

[2] Count One of the Indictment uses the phrase "dangerous weapon," not "deadly weapon." (Doc. 1 at 2.)

the district court's denial of defendants' motions for severance where, "[a]side from pointing out their mutually antagonistic defenses," neither defendant showed how the joint trial prejudiced them "in any legally cognizable way." *Id.* at 1125. Similarly, this court finds that Dewitt's vague statements that mutually antagonistic defenses "may be available" and that the defendants "may incriminate the other and exculpate himself" amount to no more than a recognition that such defenses may exist, which is insufficient to warrant severance.

Dewitt has failed to satisfy his burden of demonstrating "specific and compelling prejudice to the conduct of his defense" that would result from a joint trial. *Eyster*, 948 F.2d at 1214. As stated by the Eleventh Circuit in *United States v. Smith*, the court here finds the "conclusory allegations of the severance motion to be insufficient to overcome [the] strong circuit precedent favoring joint trials." 918 F.2d at 1561. Moreover, Dewitt has failed to show a risk of compelling prejudice that the court would be unable to appropriately address with measures less drastic than severance, such as cautionary instructions to the jury. *See Zafiro*, 506 U.S. at 539 (noting that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice").

For these reasons, defendant Dewitt's Motion for Relief from Prejudicial Joinder, (Doc. 11), and Amendment to Motion for Relief from Prejudicial Joinder, (Doc. 19), are **DENIED**.

6

Done this 2nd day of December, 2010.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE